## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| ANTSY LABS, LLC and | ) | |
| ZURU INC., | ) | |
| | ) | Case No. 21-cv-3297 |
| Plaintiffs, | ) | |
| | ) | Judge Robert M. Dow, Jr. |
| v. | ) | |
| | ) | |
| THE INDIVIDUALS, | ) | |
| CORPORATIONS, LIMITED | ) | |
| LIABILITY COMPANIES, | ) | |
| PARTNERSHIPS, and | ) | |
| UNINCORPORATED ASSOCIATIONS | ) | |
| IDENTIFIED ON SCHEDULE A, | ) | |
| | ) | |
| Defendants. | | |

### MEMORANDUM OPINION AND ORDER

Plaintiffs brought this action against the individuals, corporations, limited liability companies, partnerships, and unincorporated associations listed on Schedule A claiming copyright infringement in violation of 17 U.S.C. § 101, false designation of origin in violation of 15 U.S.C. § 1152(a), and violation of the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS § 510/1, et seq. Defendant No. 197 (identified in more detail below) moves to vacate the Court's October 20, 2021 default judgment against it [48]. For the reasons below, Defendant's motion [48] is granted. A joint status report including a proposed discovery plan and statement in regard to any settlement discussions is due no later than October 3, 2022. A telephone status hearing will be set after review of the joint status report.

### I.    Background

Plaintiff Antsy Labs is a limited liability company in Colorado with offices in Boulder, Colorado. [1 at ¶ 7.] Plaintiff Zuru is a British Virgin Islands corporation and a Hong Kong registered company with offices in Kowloon, Hong Kong. [1 at ¶ 8.] Defendants are "individuals

and business entities who, upon information and belief, reside mainly in the People's Republic of China or other foreign jurisdictions," but who conduct business throughout the United States "through the operation of the fully interactive commercial websites and online marketplaces operating under the Defendant Internet Stores." [1 at ¶ 14.]

This case concerns a product called the Fidget Cube. According to the complaint, Antsy Labs designed and produced in August 2016, at which time it published its product on the crowd-based funding platform, KickStarter. [1 at ¶ 10.] The product "instantly attracted substantial international media attention and success." [*Id.*] Shortly thereafter, in early 2017, Antsy Labs entered into a licensing agreement with Zuru "in relation to the intellectual property rights and sales of the * * * product in the United States and elsewhere." [*Id.*] In June 2017, Antsy Labs applied for federal copyright registration which was granted and effective as of June 30, 2017. [*Id.*] Plaintiffs have been "the official sources of the genuine" fidget cube in the United States. [1 at ¶ 11.] Its U.S. products are the original Fidget Cube, "Fidget Cube Characters," "Zuru Fidget Prism," and a limited-edition model of the Fidget Cube called the "G4MER variant." [*Id.*]

Plaintiffs initiated this action on June 21, 2021 by filing an ex parte motion for a temporary restraining order and preliminary injunction against Defendants. [See 1.] They claim that Defendants are "an interrelated group of counterfeiters working in active concert" [31-1 at 6] to manufacture and sell counterfeit versions of the Fidget Cube. [*Id.*] The Court granted Plaintiffs' motion on July 27, 2021 [15], entered the temporary restraining order on August 9, 2021 [18], and granted Plaintiffs' motion for preliminary injunction on September 3, 2021, which included a domain name transfer order and asset restraining order [28]. By October 2021, none of the Defendants had answered the complaint nor made an appearance in the action, and on October 12, 2021, Plaintiffs moved for entry of default and default judgment against all defendants. [31.]

Plaintiffs served all Defendants named in an amended Schedule A by sending emails "to the email addresses provided by third party payment platforms for the defendants." [32.] The Court granted Plaintiffs' motion entered a final judgment order on October 20, 2021, finding all Defendants liable for willful federal copyright infringement (17 U.S.C. § 101 et seq.), false designation of origin (15 U.S.C. § 1125(a)), and violation of the Illinois Uniform Deceptive Trade Practices Act (815 ILCS § 510 et seq.). [41.]

Defendant No. 197 made its first appearance in this case on November 10, 2021. [46.] Defendant No. 197 is listed in the amended Schedule A as "wholesaleseller," and is further identified with a link to its Amazon marketplace account. [31-5 at 7, 13.] According to that Defendant, its Amazon marketplace account underwent a chance of management and rebranding, and the online store was renamed Crownful. [48 at 3.] Crownful, now managed by Jia Xiang, avers that it does not sell Fidget Cubes, which were sold by the prior management and under the old wholesaleseller store name. [*Id.*] In fact, Crownful does not sell any toys—it sells small kitchen appliances. Defendant admits that there was a time when sold Fidget Cubes but claims that time has long since passed, as the last sale occurred in September 2019. Defendant further notes that during the three years when it sold Fidget Cubes (from 2017 to 2019), the product generated a total sales revenue of less than $500; each unit sold for $10.99.

Defendant No. 197 now seeks relief from the default judgment against it pursuant to Federal Rules of Civil Procedure 55 and 60. Plaintiffs have not responded.

## II.    Legal Standard

Federal Rule of Civil Procedure 55(c) provides that the Court "may set aside an entry of default for good cause, and it may set aside a final default judgment under Rule 60(b)." Fed. R. Civ. P. 55(c). "Relief from a final judgment may be granted pursuant to Rule 60(b) under

3

exceptional circumstances, and courts have characterized the district court's considerable latitutde in making its decision as 'discretion piled on discretion.'" *Chapter 5 Corp. v. Partnerships and Unincorporated Associations Identified on Schedule A*, 2021 WL 1906461, at *1 (N.D. Ill. May 12, 2021). "To succeed in the vacation of a default order under Rule 55(c), the defendant must show (1) good causes for its default; (2) quick action to correct it; and (3) a meritorious defense to the plaintiff's complaint." *Arwa Chiropractic, P.C. v. Med-Care Diabetic & Medical Supplies, Inc.*, 961 F.3d 942, 949 (7th Cir. 2020) (internal quotations omitted). "'The same requirements, although more strictly applied, must be met to set aside a default judgment under Rule 60(b).'" *Id.* (quoting *O'Brien v. R.J. O'Brien & Assoc., Inc.*, 998 F.2d 1394, 1401 (7th Cir. 1993)). Rule 60(b) imposes a "high hurdle for parties seeking to avoid default judgments and requires something more compelling than ordinary lapses of diligence or simple neglect to justify disturbing a default judgment." *Jones v. Phipps*, 39 F.3d 158, 162 (7th Cir. 1994).

## III.   Analysis

### A.   Good Cause

Defendant No. 197 has demonstrated good cause due to excusable neglect. Defendant's Amazon marketplace account underwent a name and management change in April 2020. [48 at 2.] Since then, it has been run by Jia Xiang and operates under the name Crownful. Plaintiffs initiated this action more than a year later in June 2021, yet they identified Defendant No. 197 by its prior operating name, "wholesaleseller" and accused it of selling a product that had never been sold at Crownful or under the current management.

On September 11, 2021, Plaintiffs attempted to serve all defendants with the temporary restraining order by email and in doing so, forgot to attach Schedule A, thus giving Defendant No. 197 no way of knowing whether it was intentionally included on the email list or inadvertently,

particularly because all email recipients were served by a blind-copied email. When Plaintiffs attempted service for a second time on October 12, 2021, they included Schedule A, but identified Defendant No. 197 by its prior name "wholesaleseller," which by that time had not been associated with Defendant No. 197—now Crownful—for more than a year. The combination of these factors resulted in Defendant No. 197 having no actual knowledge of the lawsuit against them.

### B. Quick Action

Upon learning of the Court's entry of a default judgment on October 20, 2021, Defendant No. 197 acted quickly by hiring counsel less than two weeks later, on November 1, 2021. Defendant's counsel also leapt into action by contacting Plaintiff's counsel that same day to discuss the possibility of settlement, filing a motion for leave to appear pro hac vice on November 3, 2021, and formally appearing in the case on November 10, 2021. By November 16, 2021, 27 days after the entry of default judgment against it, Defendant No. 197 filed the instant motion to vacate the judgment.

"What is considered 'prompt action' is determined on a case-by-case basis." *Sullivan v. General Plumbing, Inc.*, 2007 WL 1030236, at *4 (N.D. Ill. Mar. 31, 2007). "In some cases a delay of even a few weeks is unacceptable" and in "others, a ten-week delay is still considered prompt action." *Id. Sullivan* was a case in which three weeks was an unacceptable delay, and it is easily distinguishable from this one. In *Sullivan*, Defendant attempted to demonstrate good cause based on the death of its sole shareholder and the chaos that ensued around that event. The Court noted, however, that Defendant had misrepresented the series of events and their affect on the business, because in reality the chaos was driven by the sole shareholder's decision to close the business seven months before his death, and found that Defendant's failure to respond to the complaint was due to its focus on shutting down the business, not "the death of its owner, the

massive fire on the property where it used to be located, and the Post Office's failures to deliver General Plumbing's mail to the P.O. Box." *Id.* at *3. Even more, Defendant had no justification for not receiving postage associated with the action because it had failed to "follow appropriate procedures to update its corporate filings or dissolve the corporation." *Id.* at *4. Under these circumstances, the Court found that three weeks was not prompt action, despite Defendant's protest that it "contested the judgment as soon as it possibly could." *Id.*

Here, Defendant No. 197 had no knowledge of the lawsuit until October 20, 2021, based on the fact that its current business was never named as a defendant on Schedule A, and even the list containing its old business name was not provided to them until October 12, 2021, just eight days before the Court entered default judgment. In the circumstances of this case, 27 days constitutes a prompt response.

### C. Meritorious Defense

"A meritorious defense is not necessarily one which must, beyond a doubt, succeed in defeating a default judgment, but rather one which at least raises a serious question regarding the propriety of a default judgment and which is supported by a developed legal and factual basis." *Jones*, 39 F.3d at 165.

Defendant No. 197 has demonstrated a meritorious defense in this case base on Plaintiff's failure to allege any facts, or provide any discussion or evidence, to suggest that Defendant's conduct was willful, a necessary element of a copyright infringement claim. See *Wildlife Exp. Corp. v. Carol Wright Sales, Inc.*, 18 F.3d 502 (7th Cir. 1994). Plaintiff may face a particularly uphill battle on that allegation with respect to Defendant No. 197, if discovery confirms the company's assertions that (a) it has not sold Fidget Toys since 2019 when it operated under prior management and maintained an entirely different set of inventory and (b) the company's total

6

revenues from Fidget Toys over the course of its three years of selling them amounted to less than $500.

## IV.    Conclusion

For these reasons, Defendant No. 197's unopposed motion to vacate default judgment pursuant to Federal Rules of Civil Procedure 55(c) and 60(b) [48] is granted.  A joint status report including a proposed discovery plan and statement in regard to any settlement discussions is due no later than October 3, 2022.  A telephone status hearing will be set after review of the joint status report.

Dated:  September 19, 2022

Robert M. Dow, Jr.
United States District Judge